UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JULIO C. BORRELL, 98A6799,

        Petitioner,

    -v-

NEW YORK STATE BOARD OF PAROLE,

        Respondent.

DECISION AND ORDER
12-CV-6582P

---

Petitioner Julio Borrell, acting *pro se*, seeks relief pursuant to 28 U.S.C. § 2241, alleging that he is illegally in custody as set forth more precisely in his application. Petitioner has paid the fee.

While the Petition is brought under § 2241, the Second Circuit Court of Appeals has held that the proper habeas corpus statute to challenge the revocation of parole on a conviction entered in state court is 28 U.S.C. § 2254, and not 28 U.S.C. § 2241, and that in such a situation the district court is required to convert the petition to one brought under § 2254. *Cook v. New York State Div. of Parole*, 321 F.3d 274, 275-78, (2d Cir. 2003) ( "We agree with the district court that a state prisoner challenging his or her parole revocation must file under section [§] 2254 . . . [I]f an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under section 2241, the district court must treat it as a section 2254 application instead."). In *Rossney v. Travis*, No. 03-2196, 2003 WL 135692, at *13 (S.D.N.Y. Jan.17, 2003), *aff'd on other grounds*, 93 Fed.Appx. 285, 2004 WL 605267 (2nd Cir. Mar 26, 2004) (Not selected for publication in the Federal

Reporter, No. 03-2196)[1], the Southern District of New York held that the proper vehicle for challenging a denial of parole by the New York State Parole Board is § 2254, not § 2241 and, therefore, such a petition brought pursuant to § 2241 must be recharacterized as one brought pursuant to § 2254.

While the petitioner in Cook was challenging the revocation of parole, as opposed to the denial of parole as is the case in the instant Petition and Rossney, the reasoning for requiring the use of § 2254 as the proper vehicle for a federal habeas challenge is equally applicable here. In Cook, the Second Circuit held that "[a] state prisoner such as Cook . . . not only may, but according to the terms of section 2254 must, bring a challenge to the execution of his or her sentence--in this case with respect to revocation of Cook's parole--under section 2254. A petition under section 2241 is therefore unavailable to him." 321 F.3d at 278. Whether a state prisoner is challenging a denial of parole or a revocation of parole, he is challenging on constitutional grounds the execution of his sentence. See also Jenkins v. Duncan, 2003 WL 22139796 (N.D.N.Y. Sept. 16, 2003) (state prisoner challenging loss of good-time credits following disciplinary hearing was challenging execution of sentence and therefore must proceed under 28 U.S.C. § 2254). Therefore, a state prisoner challenging a denial of parole must do so pursuant to § 2254, not §2241.

However, before the Court can convert this § 2241 Petition to one brought under § 2254, it must first give petitioner notice of its intention to convert the Petition and an

---

[1] On appeal the Second Circuit Court of Appeals, in a Summary Order, affirmed the District Court's determination to deny the petition but noted that while the District Court hoped to use the appeal to obtain clarification as to whether a state prisoner challenging a parole *denial* (as opposed to a parole *revocation* as was the situation in Cook) *must* do so pursuant to § 2254, there was no need to do so because it had previously held that a state prisoner *may* challenge either the imposition or the execution of a sentence under § 2254. Rossney, 2004 WL 605267, at * 287, n.1 (citing Cook, 321 F.3d at 275-58; James v. Walsh, 308 F.3d 162, 166 (2d Cir.2002)).

2

opportunity to withdraw the Petition without prejudice because a petition filed under § 2254 is subject to the "second" or "successive" petition restrictions of 28 U.S.C. § 2244(b),[2] and such restrictions "might preclude [petitioner] from ever seeking federal review of claims, even meritorious ones, not raised in th[e] petition." *Cook*, 321 F.3d at 281-82; *see also Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (district courts should not recharacterize motions brought under some other provision to ones brought under § 2255 unless petitioner is advised of consequences of such recharacterization, *i.e.*, second or successive petition restrictions, and provided opportunity to withdraw petition).[3] *Accord Gitten v. United States*, 311 F.3d 529, 532-33 (2d Cir.2002). The United States Supreme Court has adopted the rule set forth by the Second Circuit in *Adams*. *Castro v. United States*, 540 U.S. 375, 383 (2004). In addition, a Petition recharacterized pursuant to § 2254 will also be subject to the one year period of limitations set forth in § 2244(d)(1).

---

[2] 28 U.S.C. § 2244(b)(2) reads:
A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

[3] Specifically, the Second Circuit stated:
[D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized. *Adams*, 155 F.3d at 584.

The Court must clarify that although petitioner must be informed of the restrictions on second or successive petitions in order to be given meaningful notice as to whether he may wish to withdraw this application, the second or successive prohibition applies only to issues which petitioner could have brought in a previous or subsequent petition, but failed to bring. Under the abuse-of-the-writ doctrine, a subsequent petition is "second or successive" when it raises a claim that was, or could have been, raised in an earlier petition. *James v. Walsh*, 308 F.3d 162, at 167 (2d Cir. 2002)(Petitioner could not have raised a claim in a previous petition that had not yet arisen). In Borrell's situation, he has already brought a petition challenging the imposition of his sentence in the Eastern District of New York, which was dismissed (06-CV-1254). That petition, however, challenged his conviction, and this petition relates only to the execution of his sentence. Therefore, this petition, upon recharacterization, would not be transferred to the Second Circuit as a prohibited filing. However, petitioner must still consider how the gatekeeping provisions related to second or successive petitions might impact him should he choose to bring a future petition relating to the execution of his sentence.

Accordingly, the Court is hereby notifying and advising petitioner that it intends to recharacterize this Petition as one brought pursuant to 28 U.S.C. § 2254 and that this recharacterization means that it will be subject to the restrictions forth in 28 U.S.C. § 2244. The recharacterization of this Petition to one brought pursuant to 28 U.S.C. § 2254 will occur unless petitioner notifies the Court in writing by **December 18, 2012 that he either (1) consents to the recharacterization despite the consequences of recharacterization and the period of limitations set forth above or (2) voluntary**

withdraws the § 2241 Petition instead of having it recharacterized as a Petition brought under § 2254. If petitioner does not advise the Court in writing by December 18, 2012 of either his consent to the recharacterization of this Petition as one brought pursuant to § 2254 or his voluntary withdrawal of this Petition, the Court will recharacterize this § 2241 Petition as one brought pursuant to § 2254.

SO ORDERED.

Dated: Nov 16, 2012
Rochester, New York

_Charles Siragusa_
CHARLES J. SIRAGUSA
United States District Judge