UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

-PS/CD-O-

JULIO C. BORRELL, 98A6799,

Petitioner,

-v-

DECISION AND ORDER
12-CV-6582P

NEW YORK STATE BOARD OF PAROLE,

Respondent.

By Order dated November 16, 2012, Petitioner Julio Borrell, was provided notice of the Court's intention to convert his petition to one filed under § 2254 (Docket # 3). Petitioner consents to the recharacterization, but also requests reconsideration of the Court's Order (Docket # 4).

Nothing in petitioner's papers provides a basis for reconsideration of the Court's prior Order.

The Court is skeptical that the New York State Parole statute at issue here, Executive Law 259-I, provides an inmate, who is subject to a final deportation order, with a liberty interest in being released for deportation. However, given the paucity and inconsistent nature of the case law involving conditional release for deportation only, the Court finds it prudent that the proper respondent in an action under 28 U.S.C. § 2254, the Superintendent of the facility in which petitioner is detained, respond to the petition.

Petitioner Julio C. Borrell, acting *pro se*, an inmate of the Wende Correctional Facility, seeks relief pursuant to 28 U.S.C. § 2254, alleging that the failure of the New York State Parole Board to issue a decision on whether to conditionally release him for deportation only, under Executive Law 259-I, has caused him to be unconstitutionally

detained, as set forth more precisely in the petition. Petitioner has paid the $5.00 filing fee. Accordingly,

IT HEREBY IS ORDERED as follows:

1. Petitioner's request to reconsider the Court's Order of November 16, 2012 is denied.

2. Respondent shall file and serve an **answer** to the petition, in accordance with Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts, no later than **January 11, 2013**. Further, the answer shall state whether a hearing or any pre-hearing or post-hearing evidentiary proceeding was conducted. If any such proceeding was conducted, under the authority of Rule 4, the Court hereby directs respondent to provide to the Court the transcript of the proceeding, together with any record(s) of such proceeding, and such documents will be filed in the official record of this case.

Respondent also shall file and serve by the above date a **memorandum of law** addressing each of the issues raised in the petition and including citations of relevant supporting authority.

Within thirty (30) days of the date this order is served upon the custodian of the records, the Clerk of Court or any other official having custody of the records of the proceedings in the Parole Board at issue now before this Court shall submit such records to the respondent or respondent's duly authorized representative.

If petitioner appealed from the decision of the parole board or from an adverse judgment or order in a post-decision proceeding, under the authority of Rule 4, the Court hereby directs respondent to provide to the Court a copy of the briefs on appeal and

2

the opinions of the appellate courts, if any, and such documents will be filed in the official record of this case.

If petitioner chooses to file a written response to the answer and memorandum of law, he should file the response within sixty (60) days of receipt of the answer.

Within thirty (30) days of the date this order is filed with the Clerk of Court, respondent may file a motion for a more definite statement or a motion to dismiss the petition, accompanied by appropriate exhibits which demonstrate that an answer to the petition is unnecessary. The timely filing of such motion shall extend the time for filing an answer for fourteen (14) days, but the failure of the Court to act upon the motion within that time shall not further extend the time for filing an answer.

3. The Clerk of Court shall serve a copy of the petition, together with a copy of this order, by certified mail, upon respondent Superintendent of Wende Correctional Facility and upon the Office of the New York State Attorney General, Federal Habeas Unit, 120 Broadway, 12th Floor, New York, New York 10271-0332.

4. The Clerk of Court is directed to correct the Docket to reflect that the respondent is the Superintendent of Wende Correctional Facility.

**PETITIONER MUST FORWARD A COPY OF ALL FUTURE PAPERS AND CORRESPONDENCE TO THE ATTORNEY APPEARING FOR RESPONDENT.**

SO ORDERED.

Dated: Nov. 28, 2012
Rochester, New York

_Charles J. Siragusa_
CHARLES J. SIRAGUSA
United States District Judge